IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| JAMES ERIC LOFTEN | § |
| VS. | §   CIVIL ACTION NO. 1:05cv177 |
| STATE OF TEXAS, ET AL. | § |

MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff James Eric Loften, an inmate at the McConnell Unit, proceeding *pro se*, brought this lawsuit against the State of Texas and the Federal District Courts.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends plaintiff's complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* Fed. R. Civ. P. 72(b).

Plaintiff complains that the magistrate judge misconstrued his claims as a civil rights action instead of a habeas petition.

1

However, after careful consideration, the court concludes plaintiff's objections are without merit.

Petitioner filed this action as a petition for writ of habeas corpus on a standard § 2254 form. However, the claims were properly construed as civil rights claims because they do not affect the timing of plaintiff's release from incarceration. *See Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir.1997). In *Carson*, the Fifth Circuit Court of Appeals set out the recognized bright-line rule for determining the proper basis for a given action. *Id*. A writ of habeas corpus is the appropriate federal remedy for a state prisoner to challenge the fact or duration of his confinement, in other words, to seek release from custody. *Id*. However, claims involving the conditions of confinement and prison procedures are properly brought under 42 U.S.C. § 1983. *Carson*, 112 F.3d at 820-21. If a favorable determination of the proceeding would not automatically entitle the prisoner to accelerated release, the proper vehicle is a § 1983 suit. *Id.* "[A]dministrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995); *see also Harper v. Showers*, 174 F.3d 716, 718 (5th Cir.1999) ("Inmates have no protectable property or liberty interest in custodial classifications.").

Petitioner's claims, that he was denied due process concerning his confinement in administrative segregation, denied access to the courts, and retaliated against doe not affect the fact or duration

of his confinement. Accordingly, the claims are properly construed as civil rights claims which plaintiff is barred from pursuing *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).

O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

So **ORDERED** and **SIGNED** this **11** day of **July, 2005.**

_____
Ron Clark, United States District Judge